UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-296-GWU

MYRTLE R. BRUMMETT, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

        Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

    Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

07-296 Myrtle R. Brummett

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-296 Myrtle R. Brummett

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-296  Myrtle R. Brummett

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Myrtle R. Brummett, was found by an Administrative Law Judge (ALJ) to have a "severe" impairment due to multiple sclerosis. (Tr. 15). Nevertheless, the ALJ determined that the plaintiff retained the residual functional capacity to perform her past relevant work as a waitress or cashier. (Tr. 18). In the alternative, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff could perform a significant number of light and sedentary jobs existing in the economy. (Tr. 18-20). Accordingly, she was not entitled to benefits. The Appeals Council declined to review, and this action followed.

The ALJ made certain findings about the plaintiff's residual functional capacity. At the administrative hearing, the ALJ asked the VE whether the plaintiff could perform any jobs if she were limited to "light" level exertion, and also had the following non-exertional restrictions. (Tr. 264). She: (1) could not climb ladders,

Case: 6:07-cv-00296-GWU   Doc #: 12   Filed: 05/28/08   Page: 8 of 10 - Page ID#: 75

07-296 Myrtle R. Brummett

ropes, or scaffolds; (2) could occasionally stoop, kneel, crouch, and crawl; (3) was restricted in overhead reaching and could not "reach out of her body range, in other words, kind of stay within a foot of her head;" and (4) could not be exposed to vibrating or hazardous machinery or to hot, cold, or wet environments. (Id.). The VE responded that there were jobs at the light and sedentary levels which such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 264-5). The ALJ did not inquire of the VE regarding the plaintiff's ability to do her past relevant work.

In his decision, the ALJ specifically found that, although the plaintiff could not return to her previous jobs as a waitress or a cashier, due to her testimony that they were performed at the "heavy" exertional level, these jobs were normally considered "light" by the standards of the Dictionary of Occupational Titles (DOT). Therefore, he determined that she could return to the jobs as they are performed in the national economy. (Tr. 18).

A review of the jobs of Cashier I, DOT 211.362-010, Fast-Foods Worker, DOT 311.472-010, and Waiter/Waitress, Informal, DOT 311.477-030, shows that all of these jobs require "frequent" reaching. Although the ALJ purportedly based his functional capacity conclusions on the report of state agency reviewing sources (Tr. 17), and incorporated a portion of a reaching restriction described by Reviewer Amanda Lange, M.D., in that he limited overhead reaching and reaching out of body

8

07-296 Myrtle R. Brummett

range, Dr. Lange had stated in addition that the plaintiff would be limited to occasional reaching out of body range which involved head motion "and never repetitively." (Tr. 215). While somewhat confusingly worded, this restriction does appear to be inconsistent with the DOT. Thus, substantial evidence does not support a finding based on the DOT that the plaintiff could return to her past jobs as they are performed in the national economy.[1]

Regarding the alternative hypothetical jobs listed by the VE, the light positions of Ticket Taker, DOT 344.667-010, and Office Clerk, DOT 209.562-010, are also said to require "frequent" reaching. The DOT apparently does not list the job of "amusement clerk" as such. This would leave only one of the jobs described by the VE, sedentary Information Clerk, DOT 237.367-022, as consistent with the hypothetical restrictions on reaching. While the ALJ is not required to accept the DOT over the VE's testimony, see Conn v. Secretary of Health and Human Services, 51 F.3d 607, 610 (6th Cir. 1995), he is required by Social Security Ruling 00-4p to ask the VE if his testimony is consistent with the DOT, and to have the VE explain any inconsistencies. Consequently, as it presently stands, the VE's testimony does not provide an alternative basis for affirming the decision.

---

[1] The other state agency reviewer, Allen Dawson, indicated that he affirmed Dr. Lange's assessment, while omitting to list a reaching restriction, presumably as the result of a typographical error. (Tr. 203-10).

9

07-296  Myrtle R. Brummett

Moreover, the state agency reviewers indicated that the plaintiff would have a limitation on pushing and pulling in the upper extremities (Tr. 204, 213) which was not included in the hypothetical question.

The decision will be remanded for further consideration.

This the 28th day of May, 2008.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**